LETTS, Judge.
This appeal emanates from a trial court ruling that the terms of a purchase money mortgage and note were not ambiguous. We disagree and reverse.
The dispute centers on whether the purchase money mortgagee or the mortgagor was to be ultimately responsible for the escrow payments for taxes and insurance required by the underlying institutional mortgage lender. The trial court opined that the purchase money mortgage unequivocally placed this burden on the mortgagee, and granted summary judgment in favor of the mortgagor. However, while we agree that the typewritten portion of the mortgage called for the mortgagee to advance the institutional escrow payments (up to a certain amount), it did not specify who would ultimately bear the responsibility for them. Moreover, elsewhere in the printed portion of the mortgage, the same obligation was placed not on the mortgagee but, by contrast, upon the mortgagor.
The record further contains evidence that the closing statement, reflecting the sale *406 giving rise to the purchase money mortgage, credited the purchase money mortgagor with that portion of the year’s taxes which had accrued up to the date of the final closing — a strong indication that it was the purchase money mortgagor who was to bear the ultimate responsibility for taxes. Likewise the, “Deposit Receipt and Contract for Sale and Purchase,” called for the proration of both taxes and insurance.
We have no doubt that all of the foregoing created a genuine issue of material fact as to which of the parties was to bear the ultimate responsibility for taxes and insurance. This genuine issue precluded the entry of a summary judgment and we must reverse and remand for further proceedings consistent herewith. The appellant seeks attorney’s fees. If the appellant ultimately triumphs, we direct the trial court to assess reasonable attorney’s fees incurred because of this appeal.
REVERSED AND REMANDED.
. DELL, J., and COOK, JACK H., Associate Judge, concur.